IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

IN RE:                              §
                                    §
LAWRENCE EDWARD THOMPSON            §      MISC. NO. C-07-MC-078
     TDCJ-CID #408187               §
                                    §

## MEMORANDUM AND RECOMMENDATION TO DENY
## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA  PAUPERIS*

Pending is plaintiff's motion for leave to proceed *in forma pauperis* ("i.f.p.") pursuant to the imminent danger exception of 28 U.S.C. § 1915(g). (D.E. 1).   Although plaintiff is a three-strikes litigant,  he claims that his life is in danger because he suffers from chronic life-threatening illnesses, but that he is being denied appropriate medical care such that he should be allowed to proceed i.f.p.   For the reasons stated herein, it is respectfully recommended that plaintiff's motion for leave to proceed i.f.p. be denied.

### I.  Background facts and plaintiff's allegations

Plaintiff is fifty-five years old and suffers from the following chronic diseases: asthma, sinus, bronchitis; recurring lower respiratory infection; arthritis; and recently diagnosed abdominal aortic calcification.  (D.E. 1 at 2).  Since November 10, 2006, he has been seen in the infirmary eleven times for the recurrent respiratory infection.  Id.  The symptoms of this infection include chest pains, shortness of breath, choking, coughing, and a drowning sensation.  Id.  Plaintiff claims that he has received no treatment for this illness. Id.

On June 21, 2007, plaintiff was seen by a McConnell Unit physicians' assistant ("PA") who ordered chest and wrist x-rays, which were taken a few days later. (D.E. 1 at 2). On July 16, 2007, plaintiff went to the infirmary for a follow-up appointment. Id. Plaintiff told Dr. James Fitts that he was there to get medication for his lower respiratory infection, and also to get his x-ray results. Id. at 3. Dr. Fitts told plaintiff that his x-rays showed old injuries to his wrist, and that his lungs were clear. Id. Dr. Fitts then looked at plaintiff's medication pass and told him that he had all the medication he was going to get, and to leave. Id.

Plaintiff has filed four grievances. (D.E. 1 at 3). He has had numerous medical appointments to resolve this issue, but nothing has been done about his illness and his health is deteriorating. Id.

## II.  Three strikes rule

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

### III. <u>Analysis</u>

In seeking leave under the physical injury exception, plaintiff effectively concedes that he is a three strikes litigant.  Indeed, plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  <u>See</u> <u>e.g.</u>  <u>Thompson v. Hammers, et al.</u>, 9:93cv78(E.D. La. Dec. 27, 2000) (unpublished); <u>Thompson v. Kyle</u>, No. 95-50233 (5th Cir. Jan. 17, 1996) (unpublished); <u>Thompson v. Pollard</u>, No. 95-50315 (5th Cir.  Dec. 6, 1995(unpublished); and <u>Thompson v. Alexander</u>, No. 93-5510 (5th Cir. Sept. 22, 1994). Plaintiff is now barred from filing a civil rights suit unless he is in imminent danger of physical injury.

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." <u>Ciarpaglini v.Saini</u>, 325 F.3d 328, 330 (7th Cir. 2003).  Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." <u>Heimerman v. Litscher</u>, 337 F.3d 781, 782 (7th Cir. 2003).  In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred.  <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 315 (3d Cir. 2001).

In this case, plaintiff complains that he is not receiving medical treatment for his upper respiratory infection such that his life is in danger.  However, plaintiff's own pleadings belie his assertions.  As he admits, he was seen in the infirmary eleven times between November 1996 and June 1997.  (D.E. 1 at 2).  In addition, he was receiving some type of medication

during that time.  (<u>Id.</u> at 3).  In June 1997, x-rays were taken of his wrist and lungs.  (<u>Id.</u> at 2). When he met with Dr. Fitts on July 16, 2007, Dr. Fitts informed plaintiff that, according to the x-rays, his wrist injury was old and that his lungs were clear.  (<u>Id.</u> at 3).  Dr. Fitts discontinued his medication pass.  <u>Id.</u>

Plaintiff' complains of still having symptoms; however, he also admits that he has continued to be seen in the infirmary for numerous appointments to try to "resolve" the issue. (<u>Id.</u> at 3).  He does not claim that he has been refused treatment or care.  At most, his claim is a mere disagreement with the course of medical treatment he is receiving.  This allegation fails to state a claim under section 1983, let alone allege a claim for imminent danger.  <u>See e.g.</u> <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997) (mere disagreement with the level and type of medical treatment is not actionable under the Eighth Amendment).

There is no present threat of harm or injury merely because  plaintiff disagrees with the medical care he is receiving.  As such, plaintiff fails to allege imminent harm for purposes of § 1915(g).

### IV.  <u>Recommendation</u>

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to allege successfully that he is in imminent danger of physical harm.  Accordingly, it is respectfully recommended that plaintiff's application for leave to proceed i.f.p.  (D.E. 1) be denied and that this lawsuit be dismissed without prejudice.  It is recommended further that

plaintiff be permitted to move to reinstate the lawsuit, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate.

Respectfully submitted this 21st day of September, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).